Zahra H. Aziz, Esq. SBN 297339
MATTHIESEN, WICKERT & LEHRER, S.C.
1851 East First Street, Suite 1150
Santa Ana, CA 92705
Phone: (800) 637-9176
Fax: (262) 673-3766
Email zaziz@mwl-law.com

*Attorneys for Plaintiff*
ALLIANCE OF SCHOOLS COOPERATIVE
INSURANCE PROGRAMS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIANCE OF SCHOOLS COOPERATIVE INSURANCE PROGRAMS, <br><br> Plaintiff, <br><br> vs. <br><br> VORNADO AIR LLC, a Kansas Corporation; VORNADO AIR CIRCULATION SYSTEMS, INC., a Dissolved Kansas Corporation; and DOES 1 to 30, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR:** <br><br> **(1) STRICT PRODUCTS LIABILITY- DESIGN DEFECT** <br> **(2) STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT** <br> **(3) STRICT PRODUCTS LIABILITY – FAILURE TO WARN/INSTRUCT OR INADEQUATE WARNING/INSTRUCTION** <br> **(4) NEGLIGENCE – NEGLIGENT DESIGN** <br> **(5) NEGLIGENCE – NEGLIGENT MANUFACTURE** <br> **(6) NEGLIGENCE - FAILURE TO WARN/INSTRUCT OR INADEQUATE WARNING/INSTRUCTION** <br> **(7) BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE** <br><br> **JURY TRIAL DEMANDED** <br><br> Unlimited Jurisdiction Case |

Plaintiff ALLIANCE OF SCHOOLS COOPERATIVE INSURANCE PROGRAMS, as subrogee for Alhambra Unified School District, (hereinafter "Plaintiff"), complains and alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the amount in controversy is greater than $75,000, exclusive of interest and costs, and because there is complete diversity of citizenship among the parties.

2.     Based on information and belief, Defendant VORNADO AIR LLC is a Kansas Corporation and, at all relevant times mentioned herein,  is and was doing business in the State of California.

3.     Based on information and belief, Defendant VORNADO AIR LLC has its principal place of business in the State of Kansas.

4.     Defendant VORNADO AIR CIRCULATION SYSTEMS, INC. is a dissolved Kansas Corporation, and was incorporated in the State of Kansas, and had its principal place of business in the State of Kansas.

5.     Plaintiff is a public agency joint powers authority (JPA) that provides liability and property coverage to public school districts, exclusively serving public schools in California. Plaintiff's principal place of business is in the State of California.

6.     The matter in controversy exceeds $75,000, the statutory minimum.

7.     This Court has personal jurisdiction over the Defendants because Defendants have transacted business and their affairs in the Central District of California, and because Defendants have committed acts and omissions complained of in the State of California.

8.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(a) and (b) because a substantial part of the events or

omissions giving rise to this claim occurred in this judicial district. In addition, all of the Defendants are subject to personal jurisdiction in this judicial district.

9.     Many of the actions and inactions related to the liability of the defendants occurred within the Central District of California, including the following: sale of the subject heater, place of injury or occurrence was Alhambra, California.

## **PARTIES**

10.     Plaintiff is and was, at all relevant times, a duly organized and authorized insurance carrier licensed to do business in California.   At all relevant times, Plaintiff is and was obligated under a duly issued and valid insurance policy (the "Policy") to provide insurance benefits to its Insured, Alhambra Unified School District (the "Insured").

11.     Plaintiff is informed and believes and thereon alleges that Defendant VORNADO AIR LLC is a Kansas Corporation and, at all relevant times mentioned herein,  is and was doing business in the State of California.

12.     Plaintiff is informed and believes and thereon alleges that Defendant VORNADO AIR CIRCULATION SYSTEMS, INC. is a dissolved Kansas Corporation and, at all relevant times mentioned herein,   was doing business in the State of California.

13.     Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein was responsible in some manner for the occurrences and damages herein alleged, and that each proximately caused injury and damages to the Insured and to Plaintiff as herein alleged.

14.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, each of the Defendants, and each of them, were the agent, employee, servant, co-venturer, and/or otherwise responsible for the other Defendants, and was at all times herein mentioned acting within the scope

of said agency, venture, and/or employment and with actual or ostensible authority and/or agency, and that each of the Defendants permitted, consented to and/or ratified the actions and/or conduct of the others.

15.     Defendant VORNADO AIR LLC and Defendant VORNADO AIR CIRCULATION SYSTEMS, INC. are referred to collectively herein as "Defendants."

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16.     On or about January 2, 2020, Defendants' VORNADO Heater model #EH1-0012; Serial #OND00- 122618  ("VORNADO HEATER") malfunctioned and caused a catastrophic fire at Alhambra High School , 101 S. 2nd Street, Alhambra, California (the "Incident").

17.     At the time of the Incident, Plaintiff insured Alhambra Unified School District  for property damages, including the catastrophic fire that occurred on January 2, 2020.

18.     After the Incident, the Insured filed a claim for insurance benefits with Plaintiff. As a result of the negligence and liability of Defendants, and each of them, Plaintiff paid $1,704,826.89 in benefits to the Insured, to date. This amount is subject to increase substantially.

19.     Pursuant to the Policy, Plaintiff is authorized to bring this action as subrogee of Alhambra Unified School District, to the extent that payment has been made under the Policy for damages caused by Defendants' acts, omissions, and breaches of duty and/or negligence.

20.     By virtue of its payments, the terms of the Policy, the agreement of Alhambra Unified School District, and principles of equity, Plaintiff has become, and is subrogated to all rights, remedies, and causes of action accruing to its Insureds, and against Defendants, to the extent of its payments under the Policy, and is entitled to reimbursement of funds expended on its Insureds' claims.

# FIRST CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY- DESIGN DEFECT

21.     Plaintiff incorporates each and every allegation contained in the previous paragraphs of this complaint as though fully set forth herein.

22.     Defendants designed, engineered, manufactured, distributed, marketed, packaged, labeled, constructed, tested, inspected, warranted, transferred, placed into the stream of commerce, and/or sold the defective VORNADO HEATER to an employee, agent, and/or other person associated with Plaintiff's Insured, Alhambra Unified School District.

23.     The VORNADO HEATER that Defendants designed, engineered, manufactured, distributed, marketed, packaged, labeled, constructed, tested, inspected, warranted, transferred, placed into the stream of commerce, and/or sold was defective in its' design, and was defective when it left Defendants' control.

24.     At the time the VORNADO HEATER  was sold and/or placed into the stream of commerce, it was in the same dangerously defective condition in which it was when it left Defendants' possession and/or control.

25.     Alhambra Unified School District, its employees, agents, and/or other persons associated with Plaintiff's Insured, were members of the class of persons that Defendants should reasonably have foreseen as being subject to the harms caused by the VORNADO HEATER's defective condition.

26.     Defendants knew, or should have known, that the VORNADO HEATER contained non-obvious dangers in its' design.

27.     The foreseeable risks associated with the dangerous design of Defendants' VORNADO HEATER exceeded the benefits associated with its design.

28.      Defendants' VORNADO HEATER was defectively designed in one or more of the following ways:

a. Defendants designed the VORNADO HEATER without concern for safety and performance;

b. Defendants designed the VORNADO HEATER without concern to an unreasonable risk of harm;

c. Defendants designed the VORNADO HEATER without concern that it endangered members of the public, including Plaintiff's Insured;

d. Defendants failed to properly test and inspect the VORNADO HEATER during the design stage prior to mass production;

e. Defendants designed the VORNADO HEATER without concern for appropriate material selection;

f. Defendants designed the VORNADO HEATER without concern for maximum functionality;

g. Defendants designed the VORNADO HEATER without concern for or in compliance with, all local, state, and federal codes, regulations, ordinances, standards, recommendations and/or requirements; and

h. Defendants defectively designed the VORNADO HEATER in other ways, under the circumstances, to be determined.

29.    As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous designs, for which Defendants are strictly liable, Plaintiff's Insured sustained significant property damage.

30.    As a further proximate result of one or more of the aforementioned defective and unreasonably dangerous designs, for which Defendants are strictly liable, Plaintiff became obligated to pay, and did pay, workers' compensation benefits to and on behalf of its Insured, in the total sum of $$1,704,826.89, and Plaintiff may become obligated to pay further benefits in sums not yet fully determined, but which will be specified by amendment when determined or proved.

## SECOND CAUSE OF ACTION

### STRICT PRODUCTS LIABILITY MANUFACTURING DEFECT

31.   Plaintiff incorporates each and every allegation contained in the previous paragraphs of this complaint as though fully set forth herein.

32.   Defendants designed, engineered, manufactured, distributed, marketed, packaged, labeled, constructed, tested, inspected, warranted, placed into the stream of commerce, and/or sold the VORNADO HEATER, knowing that it would reach Plaintiff's Insured.

33.   The VORNADO HEATER that Defendants designed, engineered, manufactured, constructed, tested, inspected, packaged, labeled, marketed, distributed, sold, warranted, placed into the stream of commerce,  and/or performed other work in connection with was defective in its manufacturing process, and was defective when they left Defendants' control.

34.   At the time the VORNADO HEATER was sold, it was in the same dangerously defective condition in which it was when it left Defendants' possession and/or control.

35.   Alhambra Unified School District, its employees, agents, and/or other persons associated with Plaintiff's Insured, were members of the class of persons that Defendants should reasonably have foreseen as being subject to the harms caused by the VORNADO HEATER's defective condition.

36.   Defendant knew, or should have known, that the VORNADO HEATER contained non-obvious dangers in the manner by which it was manufactured.

37.   The foreseeable risks associated with the dangerous manner by which Defendants' VORNADO HEATER was manufactured exceeded the benefits associated with the VORNADO HEATER.

38.   Defendants VORNADO HEATER was defectively manufactured in one or more of the following ways:

a. Defendants manufactured the VORNADO HEATER without concern for

safety and performance;

b. Defendants manufactured the VORNADO HEATER without concern to an unreasonable risk of harm;

c. Defendants manufactured the VORNADO HEATER without concern that it endangered members of the public, including Plaintiff's Insured;

d. Defendants failed to properly test and inspect the VORNADO HEATER before they left Defendants' control;

e. Defendants manufactured the VORNADO HEATER without concern for appropriate material selection;

f. Defendants manufactured the VORNADO HEATER without concern for maximum functionality;

g. Defendants manufactured the VORNADO HEATER without concern for or in compliance with, all local, state and federal codes, regulations, ordinances, standards, recommendations and/or requirements; and

h. Defendant defectively manufactured the VORNADO HEATER in other ways, under the circumstances, to be determined.

39.     As a direct and proximate result of Defendants aforesaid acts and/or omissions, for which Defendants are strictly liable, Plaintiff's Insured suffered catastrophic property damages.

40.     As a further proximate result of Defendants' aforesaid acts and/or omissions, for which Defendants are strictly liable, Plaintiff became obligated to pay, and did pay, workers' compensation benefits to and on behalf of Plaintiff's Insured, in the total sum of $1,704,826.89, and Plaintiff may become obligated to pay further benefits in sums not yet fully determined, but which will be specified by amendment when determined or proved.

///

///

///

### THIRD CAUSE OF ACTION

### STRICT PRODUCTS LIABILITY- FAILURE TO WARN/INSTRUCT OR INADEQUATE WARNING/INSTRUCTION

41.    Plaintiff incorporates each and every allegation contained in the previous paragraphs of this complaint as though fully set forth herein.

42.    Defendants designed, engineered, manufactured, distributed, marketed, packaged, labeled, constructed, tested, inspected, warranted, placed into the stream of commerce, and/or sold a defective VORNADO HEATER.

43.    Defendants designed, engineered, manufactured, distributed, marketed, packaged, labeled, constructed, tested, inspected, warranted, transferred, placed into the stream of commerce, and/or sold the defective VORNADO HEATER to an employee, agent, and/or other person associated with Plaintiff's Insured, Alhambra Unified School District.

44.    The VORNADO HEATER that Defendants designed, engineered, manufactured, constructed, tested, inspected, packaged, labeled, marketed, distributed, sold, warranted, placed into the stream of commerce, and/or performed other work in connection with was defective for lack of or inadequate warning/instruction and was defective when it left Defendants' control.

45.    At the time the VORNADO HEATER was sold and/or put into the stream of commerce, it was in the same dangerously defective condition in which it left Defendants' possession and/or control.

46.    The employees, agents, and/or other persons associated with Plaintiff's Insured, Alhambra Unified School District, were members of the class of persons that Defendants should reasonably have foreseen as being subject to the harms caused by the VORNADO HEATER's defective condition.

47.    Defendants knew, or should have known, that the VORNADO HEATER contained a non-obvious danger and that the employees, agents,

and/or other persons associated with Plaintiff's Insured, Alhambra Unified School District would not comprehend the danger without adequate warnings/instructions.

48. Defendants knew, or should have known, that the VORNADO HEATER was highly susceptible to dangerous electrical arcing and fires.

49. Despite knowing this, Defendants failed to warn users that the VORNADO HEATER was susceptible to dangerous electrical arcing, leading to fires.

50. The VORNADO HEATER was defective due to inadequate warnings/instructions, inadequate inspection and testing, and inadequate reporting regarding the results of quality control testing and safety inspections, or lack thereof.

51. Had Plaintiff's Insured been adequately warned/instructed concerning the that the VORNADO HEATER and the dangerous electrical arcing, Plaintiff's Insured would have taken steps to avoid damages.

52. Defendants' VORNADO HEATER was distributed with no warnings/instructions or, if any, with inadequate warnings/instructions. "Providing an inadequate warning is no better than providing no warning at all." American Law of Products Liability 3d, § 33:1.

53. "A product... is defective because of inadequate instruction or warnings when the foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the instructions or warnings renders the product not reasonably safe." Restatement (Third) of the Law of Torts: Products Liability § 2(c).

54. The VORNADO HEATER was defective because Defendants failed to properly package and/or label the VORNADO HEATER to give

reasonable warnings of danger about the VORNADO HEATER; and/or failed to give reasonably complete instructions on proper use of the VORNADO HEATER Sorter; when Defendant, by exercising reasonable diligence, could have made such warnings and/or instructions available to Plaintiff's Insured.

55.   A warning/instruction is adequate if it reasonably discloses all inherent risks and if the product is safe when used as directed. A warning/instruction can be defective and/or inadequate based on its content or the manner in which the warning/instruction is communicated. An adequate warning/instruction not only conveys a fair indication of the nature of the dangers involved but also the degree of intensity demanded by the nature of the risk. Warnings/instructions may also be inadequate based on their form, manner of expression or lack of exigency.

56.   Defendants' VORNADO HEATER provided no warnings/ instructions or the warning was inadequate or provided inadequate instructions in one or more of the following ways:

    a.   Defendants   VORNADO   HEATER   provided   no warnings/instructions;

    b.   Defendants VORNADO HEATER warnings/instructions, if any, were inadequate because they failed to disclose all inherent risks;

    c.   Defendants VORNADO HEATER's warnings/instructions, if any, were inadequate because they failed to convey a fair indication of the nature of the dangers involved;

    d.   Defendants VORNADO HEATER's warnings/instructions, if any, were inadequate because they failed to warn/instruct with the degree of intensity demanded by the nature of the risk;

    e.   Defendants VORNADO HEATER's warnings/instructions, if any, were inadequate because they failed to communicate

sufficient information as to the inherent dangers; and

f.   Defendants   VORNADO   HEATER's   warnings/instructions were inadequate in other ways, under the circumstances, to be determined.

57.   As a direct and proximate result of Defendants' aforesaid acts and/or omissions, for which Defendants are strictly liable, Plaintiff's Insured suffered a catastrophic fire loss.

58.   As a further proximate result of Defendants' aforesaid acts and/or omissions, for which Defendants are strictly liable, Plaintiff became obligated to pay, and did pay, insurance benefits to and on behalf of Plaintiff's Insured, in the total sum of $1,704,826.89, and Plaintiff may become obligated to pay further benefits in sums not yet fully determined, but which will be specified by amendment when determined or proved.

## FOURTH CAUSE OF ACTION

## NELIGENCE – NEGLIGENT DESIGN

59.   Plaintiff incorporates each and every allegation contained in the previous paragraphs of this complaint as though fully set forth herein.

60.   Defendants designed, engineered, manufactured, distributed, marketed, packaged, labeled, constructed, tested, inspected, warranted and/or sold the defective VORNADO HEATER, placing it int stream of commerce, which ultimately reached Plaintiff's Insured.

61.   The VORNADO HEATER that Defendants designed, engineered, manufactured, distributed, marketed, packaged, labeled, constructed, tested, inspected, warranted, placed into the stream of commerce, and/or sold was defective in its' design, and were defective when they left Defendants' control.

62.   At the time the VORNADO HEATER was sold, and/or placed in the stream of commerce, it was in the same dangerously defective condition in which it was in when it left Defendants' possession and/or control.

63.     Alhambra Unified School District, its employees, agents, and/or other persons associated with Plaintiff's Insured, were members of the class of persons that Defendants should reasonably have foreseen as being subject to the harms caused by the VORNADO HEATER's defective condition.

64.     Defendants were negligent in that it failed to use reasonable care when they designed, engineered, manufactured, distributed, marketed, packaged, labeled, constructed, tested, inspected, warranted, placed into the stream of commerce, and/or sold the VORNADO HEATER.

65.     The foreseeable risks associated with the dangerous design of Defendants VORNADO HEATER exceeded the benefits associated with its design.

66.     Defendants owed a duty to Plaintiff's Insured to provide safe and quality products and a duty to provide a product that would perform as intended and expected. Defendants owed a duty to disclose the defects that it knew, or should have known, existed, yet failed to do so to the detriment of Plaintiff's Insured.

67.     Defendants breached their duties in one or more of the following ways:

a.  Defendants knew or should have known the VORNADO HEATER was designed without concern for safety and performance;

b.  Defendants knew or should have known the VORNADO HEATER was designed without concern to an unreasonable risk of harm;

c.  Defendants knew or should have known the VORNADO HEATER was designed without concern that it endangered Plaintiff's Insured;

d.  Defendants failed to properly test and inspect the VORNADO HEATER was during the design stage prior to mass production;

e.  Defendants knew or should have known the VORNADO HEATER was designed without concern for appropriate material selection;

f.  Defendants knew or should have known that the VORNADO HEATER was designed without concern for maximum functionality;

g.  Defendants knew or should have known that the VORNADO HEATER

was designed without concern for or in compliance with, all local, state, and federal codes, regulations, ordinances, standards, recommendations and/or requirements; and

h. Defendants negligently designed the VORNADO HEATER in other ways, under the circumstances, to be determined.

68. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions, for which Defendants are liable, Plaintiff's Insured suffered serious and catastrophic damages.

69. As a further proximate result of one or more of the aforementioned negligent acts and/or omissions, for which Defendant is liable, Plaintiff became obligated to pay, and did pay, insurance benefits to and on behalf of Plaintiff's Insured, in the total sum of $1,704,826.89, and Plaintiff may become obligated to pay further benefits in sums not yet fully determined, but which will be specified by amendment when determined or proved.

## FIFTH CAUSE OF ACTION

### NEGLIGENCE - NEGLIGENT MANUFACTURE

70. Plaintiff incorporates each and every allegation contained in the previous paragraphs of this complaint as though fully set forth herein.

71. Defendants designed, engineered, manufactured, distributed, marketed, packaged, labeled, constructed, tested, inspected, warranted, sold and/or put into the stream of commerce, the VORNADO HEATER.

72. The VORNADO HEATER that Defendants designed, engineered, manufactured, constructed, tested, inspected, packaged, labeled, marketed, distributed, sold, warranted, put into the stream of commerce, and/or performed other work in connection with were defective in their manufacturing process, and were defective when they left Defendants' control.

73. At the time that the VORNADO HEATER was put into the stream of commerce and/or sold, it was in the same dangerously defective condition in which it

was when it left Defendants' possession and/or control.

74.   Alhambra Unified School District, its employees, agents, and/or other persons associated with Plaintiff's Insured, were members of the class of persons that Defendants should reasonably have foreseen as being subject to the harms caused by the VORNADO HEATER's defective condition.

75.   Defendants were negligent in that they failed to use reasonable care when it designed, engineered, manufactured, distributed, marketed, packaged, labeled, constructed, tested, inspected, warranted, put into the stream of commerce, and/or sold the VORNADO HEATER.

76.   The foreseeable risks associated with the dangerous manner by which Defendants' VORNADO HEATER was manufactured exceeded the benefits associated with the VORNADO HEATER.

77.   Defendants owed a duty to Plaintiff's Insured to provide safe and quality products and a duty to provide a product that would perform as intended and expected. Defendants owed a duty to disclose the defects that it knew, or should have known, existed, yet failed to do so to the detriment of Plaintiff's Insured.

78.   Defendants breached their duties in one or more of the following ways:

a.   Defendants knew or should have known the VORNADO HEATER was manufactured without concern for safety and performance;

b.   Defendants knew or should have known the VORNADO HEATER was manufactured without concern to an unreasonable risk of harm;

c.   Defendants knew or should have known the VORNADO HEATER was manufactured without concern that it endangered Plaintiff's Insured;

d.   Defendants failed to properly test and inspect the VORNADO HEATER before they left Defendants' control;

e.   Defendants knew or should have known the VORNADO HEATER was manufactured without concern for appropriate material selection;

f.   Defendants knew or should have known the VORNADO HEATER was

manufactured without concern for maximum functionality;

g. Defendants knew or should have known the VORNADO HEATER was manufactured without concern for or in compliance with, all local, state and federal codes, regulations, ordinances, standards, recommendations and/or requirements; and

h. Defendants negligently manufactured the VORNADO HEATER in other ways, under the circumstances, to be determined.

79.    As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions, for which Defendant is liable, Plaintiff's Insured suffered catastrophic property damage.

80.    As a further proximate result of one or more of the aforementioned negligent acts and/or omissions, for which Defendants are liable, Plaintiff became obligated to pay, and did pay, insurance benefits to and on behalf of Plaintiff's Insured, in the total sum of $1,704,826.89, and Plaintiff may become obligated to pay further benefits in sums not yet fully determined, but which will be specified by amendment when determined or proved.

## SIXTH CAUSE OF ACTION

## NEGLIGENCE - TO WARN/INSTRUCT OR INADEQUATE WARNING/INSTRUCTION

81.    Plaintiff incorporates each and every allegation contained in the previous paragraphs of this complaint as though fully set forth herein.

82.    Defendants designed, engineered, manufactured, distributed, marketed, packaged, labeled, constructed, tested, inspected, warranted, placed into the stream of commerce, and/or sold the defective VORNADO HEATER.

83.    The VORNADO HEATER that Defendants designed, engineered, manufactured, constructed, tested, inspected, packaged, labeled, marketed, distributed, sold, warranted, placed into the stream of commerce, and/or performed other work in connection with was defective for lack of or

inadequate warning/instruction and was defective when it left Defendant's control.

84.     At the time the VORNADO HEATER was sold, it was in the same dangerously defective condition in which they left Defendants' possession and/or control.

85.     Alhambra Unified School District, its employees, agents, and/or other persons associated with Plaintiff's Insured, were members of the class of persons that Defendants should reasonably have foreseen as being subject to the harms caused by the VORNADO HEATER's defective condition.

86.     Defendants knew, or should have known, that the VORNADO HEATER contained a non-obvious danger and that a user would not comprehend the danger without adequate warnings/instructions.

87.     Defendants knew, or should have known, that the VORNADO HEATER was highly susceptible to electrical arcing.

88.     Despite knowing this, Defendants failed to warn users that the VORNADO HEATER was susceptible to electrical arcing, leading to fires.

89.     The VORNADO HEATER was defective due to inadequate warnings/instructions, inadequate inspection and testing, and inadequate reporting regarding the results of quality control testing and safety inspections, or lack thereof.

90.     Had Plaintiff's Insured been adequately warned/instructed concerning the defects in the VORNADO HEATER and the electrical arcing, Plaintiff's Insured would have taken steps to avoid damages.

91.     Defendants VORNADO HEATER was distributed with no warnings/instructions or, if any, with inadequate warnings/instructions. "Providing an inadequate warning is no better than providing no warning at all." American Law of Products Liability 3d, § 33:1.

92.     "A product... is defective because of inadequate instruction or

warnings when the foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the instructions or warnings renders the product not reasonably safe." Restatement (Third) of the Law of Torts: Products Liability § 2(c).

93.   The VORNANDO HEATER was defective because Defendants failed to properly package and/or label the VORNADO HEATER to give reasonable warnings of danger about the VORNADO HEATER; and/or failed to give reasonably complete instructions on proper use of the VORNADO HEATER; when Defendant, by exercising reasonable diligence, could have made such warnings and/or instructions available to Plaintiff's Insured.

94.   A warning/instruction is adequate if it reasonably discloses all inherent risks and if the product is safe when used as directed. A warning/instruction can be defective and/or inadequate based on its content or the manner in which the warning/instruction is communicated. An adequate warning/instruction not only conveys a fair indication of the nature of the dangers involved but also the degree of intensity demanded by the nature of the risk. Warnings/instructions may also be inadequate based on their form, manner of expression or lack of exigency.

95.   Defendants owed a duty to Plaintiff's Insured to provide adequate warnings/instructions.

96.   Defendants breached these duties because the VORNADO HEATER provided no warnings/instructions, or the warning was inadequate or provided inadequate instructions in one or more of the following ways:

      a.   Defendants knew or should have known that the VORNADO HEATER provided no warnings/instructions;

      b.   Defendants knew or should have known that the VORNADO

HEATER's warnings/instructions, if any, were inadequate because they failed to disclose all inherent risks;

c. Defendants knew or should have known that the VORNADO HEATER's warnings/instructions, if any, were inadequate because they failed to convey a fair indication of the nature of the dangers involved;

d. Defendants knew or should have known that the VORNADO HEATER's warnings/instructions, if any, were inadequate because they failed to warn/instruct with the degree of intensity demanded by the nature of the risk;

e. Defendants knew or should have known that the VORNADO HEATER's warnings/instructions, if any, were inadequate because they failed to communicate sufficient information as to the inherent dangers; and

f. Defendants knew or should have known that the VORNADO HEATER's warnings/instructions were inadequate in other ways, under the circumstances, to be determined.

97.   As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions, for which Defendant is liable, Plaintiff's Insured suffered catastrophic property damage.

98.   As a further proximate result of one or more of the aforementioned negligent acts and/or omissions, for which Defendants are liable, Plaintiff became obligated to pay, and did pay, insurance benefits to and on behalf of Plaintiff's Insured, in the total sum of $1,704,826.89, and Plaintiff may become obligated to pay further benefits in sums not yet fully determined, but which will be specified by amendment when determined or proved.

///

///

## SEVENTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE

99.   Plaintiff incorporates each and every allegation contained in the previous paragraphs of this complaint as though fully set forth herein.

100.   Pursuant to California Civil Code §1792 and Commercial Code § 2316 and implied in sale and/or marketing of the VORANDO HEATER was a warranty that the item was merchantable.

101.   Pursuant to California Civil Code §1792.1 and Commercial Code § 2315 implied in the sale and/or marketing of the VORNADO HEATER was a warranty that the items was fit for a particular purpose.

102.   Defendants breached its warranties in one or more of the following ways:

a. Failing to manufacture and/or design the VORANDO HEATER in a safe manner;

b. Selling and/or distributing the defective VORANDO HEATER that subjected Plaintiff's Insured to unreasonable risks of harm and catastrophic damages;

c. Failing to design, manufacture and test the VORANDO HEATER to ensure they were safe for their intended usage;

d. Failing to act as a reasonably prudent corporation would have under the same or similar circumstances; and

e. Breaching its warranties in other ways, under the circumstances, to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

A.   An award of damages in an amount to be determined at trial, not less

1      than $1,704,826.89  (subject to increase);

2      B.    All costs of suit incurred herein;

3      C.    Attorney's fees as permitted by statute or contract;

4      D.    Pre-judgment interest as provided by law; and

5      E.    An award of such other and further relief as may be just and proper.

7    DATED: 12-2-21          **MATTHIESEN, WICKERT & LEHRER, S.C.**

                              Zahra H. Aziz
                              Attorneys for Plaintiff

1

## DEMAND FOR JURY TRIAL

2        Plaintiff demands trial by jury

3

4

5    DATED: 12-2-21                          **MATTHIESEN, WICKERT & LEHRER,**
                                             **S.C.**
6

7                                            _____

8                                            Zahra H. Aziz
                                             Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28